# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| UNIFICATION TECHNOLOGIES LLC,  )<br>  )<br>    Plaintiff,  )<br>  )<br>v.  )<br>  )<br>PHISON ELECTRONICS  )<br>CORPORATION,  )<br>  )<br>    Defendant.  )<br>  ) | C.A. No. 2:23-cv-00266-JRG-RSP<br>(LEAD CASE)<br><br>**JURY TRIAL DEMANDED** |
| UNIFICATION TECHNOLOGIES LLC,  )<br>  )<br>    Plaintiff,  )<br>  )<br>v.  )<br>  )<br>SILICON MOTION, INC.,  )<br>  )<br>    Defendant.  )<br>  )<br>  ) | C.A. No. 2:23-cv-00267-JRG-RSP<br>(MEMBER CASE)<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT SILICON MOTION, INC.'S
RULE 12 MOTION TO DISMISS PLAINTIFF'S PRE-SUIT WILLFULNESS AND
INDIRECT INFRINGEMENT CLAIMS AND STRIKE CERTAIN ALLEGATIONS**

## **TABLE OF CONTENTS**

Page

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | FACTUAL BACKGROUND | 2 |
| | A. The Complaint | 2 |
| |     1. UTL's allegations regarding SMI's knowledge of the Asserted Patents | 2 |
| |     2. UTL's assertion of egregious conduct by SMI | 2 |
| | B. UTL's Letter Identifying the Asserted Patents | 3 |
| III. | LEGAL STANDARD | 3 |
| | A. Motions to Dismiss under Rule 12(b)(6) | 3 |
| | B. Willful And Indirect Infringement | 3 |
| | C. Rule 12(f) Motion to Strike | 4 |
| IV. | ARGUMENT | 6 |
| | A. Unification's Complaint Fails to Plausibly Allege a Claim for Pre-Suit Willful and Indirect Infringement | 6 |
| | B. Unification's Complaint Contains Redundant, Immaterial, and Scandalous Matter Within the Meaning of Rule 12(f) | 6 |
| |     1. UTL's accusation is redundant and immaterial | 7 |
| |     2. UTL's accusation is scandalous | 8 |
| |     3. UTL's accusation has no possible relation to the controversy | 8 |
| |     4. Striking UTL's accusation will not cause prejudice | 9 |
| V. | CONCLUSION | 9 |

# **TABLE OF AUTHORITIES**

**CASES**

*Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*,
    306 F.2d 862 (5th Cir. 1962) .................................................................................................5, 6

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ....................................................................................................................4

*Corydoras Tech., LLC v. Apple Inc.*,
    No. 2:16-CV-00538-JRG, 2016 WL 9242435 (E.D. Tex. Nov. 23, 2016) ..........................4

*Brown & Williamson Tobacco Corp. v. United States*,
    201 F.2d 819 (6th Cir. 1953) ...............................................................................................5, 6, 9

*Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*,
    946 F.3d 1367 (Fed. Cir. 2020) .................................................................................................4

*Florance v. Buchmeyer*,
    500 F. Supp. 2d 618 (N.D. Tex. 2007) .....................................................................................5

*FTC v. Think All Pub. LLC*,
    564 F.Supp.2d 663 (E.D. Tex. 2008) ........................................................................................5

*Global-Tech Appliances, Inc. v. SEB S.A.*,
    563 U.S. 754 (2011)………….....................................................................................................4

*Halo Elecs, Inc. v. Pulse Elecs., Inc.*,
    136 S. Ct. 1923 (2016) ...........................................................................................................4, 8

*Jefferson Parish Consol. Garbage Dist. No. 1 v. Waste Mgmt. of La.*,
    No. 09–6270 (E.D. La. Apr. 28, 2010) .....................................................................................5

*Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*,
    594 F.3d 383 (5th Cir. 2010)) ...................................................................................................4

*NXP USA Inc. v. MediaTek Inc.*,
    No. 2:21-cv-00318 (E.D. Tex. March 15, 2022) ....................................................................4

*Plano Encryption Techs., LLC v. Alkami Tech., Inc.*,
    No. 2:16-cv-1032, 2017 WL 8727249, (E.D. Tex. Sept. 22, 2017) ..................................4, 7

*Script Sec. Solns. L.L.C. v. Amazon.com, Inc.*,
    170 F.Supp.3d 928 (E.D. Tex. 2016) ........................................................................................4

*Sec. & Exch. Comm'n v. Blackburn*,
    No. 15-2451 (E.D. La. Sept. 23, 2015) ....................................................................................5

*Turner v. Pleasant*,
    663 F.3d 770 (5th Cir. 2011) ................................................................................................4

*United States v. Coney*,
    689 F.3d 365 (5th Cir. 2012) ................................................................................................6

**STATUTES AND RULES**

11 U.S.C. § 523(a)(1)(c) ................................................................................................................6

35 U.S.C. § 284 ...............................................................................................................3, 4, 7, 8

Fed. R. Civ. P. 8(a) ........................................................................................................................3

Fed. R. Civ. P. 8(a)(2) ....................................................................................................................3

Fed. R. Civ. P. 12(b)(6) ...............................................................................................................1, 3

Fed. R. Civ. P. 12(f) ........................................................................................................1, 5, 7, 10

Local Rule CV-7(a)(1) ...................................................................................................................1

OTHER AUTHORITIES

5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (3d ED. 2004) ..............................................................................................................................................6

I.   **INTRODUCTION**

Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f), Silicon Motion, Inc.'s ("SMI") moves to dismiss Plaintiff Unification Technologies LLC's ("UTL's" or "Plaintiff's") pre-suit willfulness and indirect infringement claims in this action, and to strike UTL's insufficient, immaterial, and scandalous accusations that SMI's actions are "wanton, malicious, in bad-faith, deliberate, consciously wrongful, flagrant, characteristic of a pirate, and an egregious case of misconduct beyond typical infringement." UTL's Complaint lacks factual allegations showing that SMI knew of UTL's patents prior to UTL's commencement of litigation, and UTL's conclusory accusations regarding SMI's supposedly egregious behavior – which are unnecessary to state a claim for willfulness and lack any underlying factual support – should be stricken from the pleading. SMI submits this concise motion, in accordance with Local Rule CV-7(a)(1), with two issues to be decided by the Court:

(1)   Whether Plaintiff UTL's Complaint fails to state a plausible claim for pre-suit willful and indirect infringement for each of U.S. Patent Nos. 9,575,902 (the "'902 Patent"), 11,061,825 (the "'825 Patent"), 11,573,909 (the "'909 Patent"), and 11,640,359 (the "'359 Patent") (collectively, the "Asserted Patents" or "Patents-In-Suit"); and

(2)   Whether Plaintiff UTL's statement repeated in each of paragraphs 36, 61-62, 84-85, 105-06, 126-27, 128 of the Complaint (each a willful infringement allegation) describing SMI's actions as "wanton, malicious, in bad-faith, deliberate, consciously wrongful, flagrant, characteristic of a pirate, and an egregious case of misconduct beyond typical infringement" is redundant, immaterial, impertinent, or scandalous matter within the meaning of Fed. R. Civ. P. 12(f).

## II.   FACTUAL BACKGROUND

### A.   The Complaint

UTL filed this suit on June 2, 2023, accusing SMI of direct infringement, inducement of infringement and willful infringement of the four Asserted Patents. Compl. ¶¶ 19, 23-25, 37-127 (Dkt No. 1). In its description of the parties, UTL describes itself as a Texas Limited Liability Company with its principal place of business in Frisco, Texas. *Id*. ¶ 1. UTL does not disclose its own business but describes SMI as a Taiwanese corporation and a "leading manufacturer, designer and seller of semiconductors, microcontrollers, and SoC products in the United States and the world." *Id*. at ¶ 2. UTL further alleges that SMI and its subsidiary conduct business activities in the United States in places such as Texas and California. *Id*. ¶¶ 2-3, 7-13.

#### 1.   UTL's allegations regarding SMI's knowledge of the Asserted Patents

Under a boldface, underlined and all-capital heading, "DEFENDANT'S PRE-SUIT KNOWLEDGE OF ITS INFRINGEMENT," UTL states that it "sent a letter to SMI prior to filing this Complaint identifying the Asserted Patents as being infringed by exemplary SMI products, and further includ[ing] claim charts demonstrating how the identified products infringe the Asserted Patents." *Id*. ¶ 35. In each count of its Complaint, UTL adds that SMI knew of the Asserted Patents at a minimum, "since being served with this Complaint," and then repeats that "SMI also has knowledge of the [ ] Patent since receiving detailed correspondence from UTL prior to the filing of the Complaint, alerting SMI to its infringements." *Id*. ¶¶ 61, 83, 104, 125.

#### 2.   UTL's assertion of egregious conduct by SMI

UTL also alleges in each count that "SMI's infringing activities relative to the [ ] Patent have been, and continue to be, willful, wanton, malicious, in bad-faith, deliberate, consciously wrongful, flagrant, characteristic of a pirate, and an egregious case of misconduct beyond typical infringement such that UTL is entitled to enhanced damages under 35 U.S.C. § 284 up to three

2

times the amount found or assessed." *Id*. ¶¶ 62, 84, 105, 126. UTL does not identify in its Complaint what of SMI's alleged conduct it considers to be egregious.

### B. UTL's Letter Identifying the Asserted Patents

In a letter dated May 30, 2023, UTL, through its counsel, described the Asserted Patents in a message addressed to SMI. The letter enclosed claim charts regarding the Asserted Patents and invited SMI to discuss the portfolio. However, the letter was not received at SMI's offices in Taiwan until June 2, 2023, the day UTL filed its Complaint. Ex. A, FedEx Tracking Information.

## III. LEGAL STANDARD

### A. Motions to Dismiss under Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) permits dismissal of claims that fail to meet this standard. Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate "if the complaint fails to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). When considering the motion, "[t]he court may consider 'the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.'" *Script Sec. Solns. L.L.C. v. Amazon.com, Inc.*, 170 F.Supp.3d 928 (E.D. Tex. 2016) (citing *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383 (5th Cir. 2010)).

### B. Willful And Indirect Infringement

To plead willful infringement under § 284, a plaintiff must allege that the defendant intentionally or knowingly infringed the asserted patents. *Plano Encryption Techs., LLC v. Alkami Tech., Inc.*, No. 2:16-cv-1032, 2017 WL 8727249, at *2 (E.D. Tex. Sept. 22, 2017) (citing *Halo*, 136 S. Ct. at 1926). No more than this is necessary at the pleading stage, because intentional or

3

knowing infringement is all the concept of 'willfulness' requires a jury to find. *NXP USA Inc. v. MediaTek Inc.*, No. 2:21-cv-00318 (E.D. Tex. March 15, 2022) (citing *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367 (Fed. Cir. 2020)). The question of whether an accused infringer's conduct rises to the level of egregious behavior is not appropriate for jury consideration and is addressed by the court once an affirmative finding of willfulness has been made. *Eko Brands*, 946 F.3d at 1378. Thus, whether an accused infringer's conduct is "egregious behavior" is committed to the discretion of the district court. *Id*.

To plead indirect infringement, a plaintiff must plead that an accused infringer had knowledge of the patents-in-suit. *See Corydoras Tech., LLC v. Apple Inc.*, 2:16-CV-00538-JRG, 2016 WL 9242435, at *2 (E.D. Tex. Nov. 23, 2016) ("[A] patentee cannot recover on claims of indirect infringement for acts occurring prior to the accused infringer having knowledge of the asserted patents.") (citing *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 763-65 (2011)).

### C. Rule 12(f) Motion to Strike

Upon motion made by a party before responding to a pleading, the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). Courts have used their discretion to strike material no longer having relevance to issues before the court, *Jefferson Parish Consol. Garbage Dist. No. 1 v. Waste Mgmt. of La.*, No. 09–6270 (E.D. La. Apr. 28, 2010) (striking declaratory claim for relief because conditions under which relief was sought did not occur, and issue was moot), or that adds nothing to factual allegations, claims or defenses already before the court, *FTC v. Think All Pub. LLC*, 564 F.Supp.2d 663, 665-66 (E.D. Tex. 2008) (striking affirmative defenses that were merely "restatements of denials of certain allegations that were made elsewhere in the Defendants' Answer"). Regarding whether the challenged matter is redundant, immaterial, impertinent or scandalous:

4

> "It is normally apparent on the face of the pleading whether the challenged matter is objectionable under Rule 12(f). 'Redundant' matter consists of allegations that constitute 'a needless repetition of other averments in the pleading.' 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (3d ed. 2004). 'Immaterial' matter is that which 'has no essential or important relationship to the claim for relief or the defenses being pleaded,' such as superfluous historical allegations, 'or a statement of unnecessary particulars in connection with and descriptive of that which is material.' *Id*. Furthermore, 'impertinent' matter consists of statements that 'do not pertain, and are not necessary, to the issues in question.' *Id*. Lastly, 'scandalous' matter is that which 'improperly casts a derogatory light on someone,' *Id*., or 'states anything in repulsive language that detracts from the dignity of the court.' *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 645 (N.D. Tex. 2007)."

*Sec. & Exch. Comm'n v. Blackburn*, No. 15-2451 (E.D. La. Sept. 23, 2015).

In the Fifth Circuit, "motion[s] to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)); *accord United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012). In its holding setting forth the foregoing rule, the Sixth Circuit in *Brown* noted the danger of removing relevant factual allegations from a dispute, stating:

> Partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for the purposes of justice. The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy.

201 F.2d at 822 (citations omitted). The appeals court then reversed the ruling below and instructed the district court to reinstate the factual allegations removed from the answer, because the allegations related to valid issues of fact and law that might be raised at trial. *Id*. at 823. Consistent with this reasoning in *Brown*, the Fifth Circuit has reversed the striking of factual allegations that form an alternative basis for a party's position in a dispute, *Coney*, 689 F.3d at 1379 ("Here, the disputed statements were material and pertinent to the underlying controversy because filing a fraudulent tax return is an alternative basis for nondischargeability under 11 U.S.C. §

5

523(a)(1)(C)") or that describe an injury suffered by parties to a dispute, *Augustus*, 306 F.2d at 868 ("[A]ppellants call attention to the averment of the complaint that, 'the plaintiffs, and members of their class, are injured by the policy . . . .' The appellants argue that the district court erred in assuming that the Negro pupils *could not* be injured by that policy. . . . [W]e do not think that a matter of such importance should be decided on motion to strike.").

IV. ARGUMENT

    A. **Unification's Complaint Fails to Plausibly Allege a Claim for Pre-Suit Willful and Indirect Infringement**

UTL's own Complaint shows that SMI was made aware of the Asserted Patents contemporaneously with this suit, and not before. Beneath a boldface, underlined and all-capital heading entitled "DEFENDANT'S PRE-SUIT KNOWLEDGE OF ITS INFRINGEMENT," UTL announces that its basis for alleging SMI's pre-suit knowledge is the letter it sent SMI prior to filing the Complaint. Compl. ¶¶ 35-36. But, as shown above, *SMI didn't receive the letter until June 2, the day UTL filed this suit*. Ex. A. Accepting the allegations in UTL's Complaint as true, UTL's reliance on this letter establishes that SMI's knowledge of the Asserted Patents began on the same date as this action.

A claim for willful and/or indirect infringement requires that intentional or knowing infringement be alleged, *Plano Encryption Techs.*, 2017 WL 8727249, at *2, and UTL's Complaint lacks factual allegations suggesting that SMI possessed such knowledge prior to suit. UTL alleges the contrary, in fact, and thus UTL has pleaded its way out of a pre-suit willfulness and/or indirect infringement claim.

    B. **Unification's Complaint Contains Redundant, Immaterial, and Scandalous Matter Within the Meaning of Rule 12(f)**

UTL's Complaint contains the conclusory statement that SMI's alleged infringement for each of the Asserted Patents is not only willful, but "wanton, malicious, in bad-faith, deliberate,

6

consciously wrongful, flagrant, characteristic of a pirate, and an egregious case of misconduct beyond typical infringement" (Compl. ¶¶ 62, 84, 105, 126), an accusation that adds nothing to the controversy, and should be stricken under Rule 12(f).

### 1. UTL's accusation is redundant and immaterial

UTL's accusation is redundant and immaterial because UTL has separately invoked 35 U.S.C. § 284, alleging that SMI had (1) knowledge of the Asserted Patents and (2) committed underlying acts of direct infringement and inducement of infringement in a (3) 'willful' manner, (Compl. ¶¶ 62-63, 84-85, 105-106, 126-27) and the accusation raises no claim for relief or factual allegation on its own. To the extent UTL intended its accusation to comprise its willfulness claim, it is duplicative of the separate allegations establishing that willfulness claim[1], and is therefore redundant. To the extent that UTL's accusation is meant to direct the Court in its determination regarding willful infringement, the accusation is unsupported by any facts and is therefore immaterial. For while it alludes to behavior that might warrant enhanced damages,[2] the accusation is unsupported by any allegation in UTL's Complaint that might distinguish the alleged acts of infringement from typical, "garden-variety"[3] infringement. And because there is no such support

---

[1] As stated *supra* at section IV.A, SMI disputes whether UTL has successfully pled a claim for pre-suit willful and indirect infringement. Though SMI does not challenge UTL's claims for post-suit willful infringement, direct infringement, or inducement of infringement in this motion, it reserves the right to do so in accordance with Fed. R. Civ. P. 12(h)(2).

[2] "The sort of conduct warranting enhanced damages has been variously described in our cases as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo*, 136 S. Ct. at 1932 (citation omitted).

[3] *Halo*, 136 S. Ct. at 1935 (noting the careful policy balance that would be disrupted if enhanced damages were awarded in such cases).

for the accusation of egregious behavior, UTL's accusation amounts to an unfounded assertion – just the bare conclusion UTL wants the Court to make on its willfulness claim.[4]

### 2. UTL's accusation is scandalous

Though UTL's accusation is redundant and immaterial, it does impugn SMI's business reputation, and is therefore scandalous. UTL's Complaint describes SMI as a "leading manufacturer, designer and seller of semiconductors, microcontrollers, and SoC products in the United States and the world." Compl. ¶ 2. Portions of the paragraphs in UTL's pleading further describe SMI's and its subsidiary's activities in places across the United States such as Texas and California. *Id.* ¶¶ 2-3, 7-13.[5] Rather than even suggesting questionable behavior, these descriptions are a nod to SMI's dedication over the last twenty-plus years to providing valuable and reliable products and services to its customers. UTL's wholly unsupported accusation about egregious behavior by SMI adversely affects its relationships with its customers but serves no useful purpose in this suit or anywhere else. Accordingly, this scandalous accusation should be stricken from the pleading.

### 3. UTL's accusation has no possible relation to the controversy

UTL's conclusory accusation is just that and nothing more. By itself it raises no issue of fact or law to be decided, and therefore has no possible relation to the controversy. *See Brown*, 201

---

[4] The Supreme Court has further stated that egregious behavior is not even a guarantee of enhanced damages for willful infringement. *Halo*, 136 S. Ct. at 1933-34 ("[N]one of this is to say that enhanced damages must follow a finding of egregious misconduct. As with any exercise of discretion, courts should continue to take into account the particular circumstances of each case in deciding whether to award damages, and in what amount. Section 284 permits district courts to exercise their discretion in a manner free from the inelastic constraints of the *Seagate* test").

[5] SMI reserves its right to dispute or deny portions of these paragraphs, and in no way intends any statement in this motion as a wholesale admission of the allegations of any paragraph in the Complaint. SMI will specify the particular allegations admitted or denied in these paragraphs in its Answer.

F.2d at 823 (holding that the *Brown* defendants had raised such issues in the allegations that had been removed, and thus the material should not have been stricken).

                4.      <u>Striking UTL's accusation will not cause prejudice</u>

Should UTL find some basis to allege this accusation during discovery (it will not), UTL will have ample opportunity to assert it in a motion for summary judgment or at trial for the Court's review. No delay will result from striking this accusation, as UTL's claim for willful infringement is separate and will be unaffected, and UTL's accusation does not relate to any question for the jury. UTL's accusation should not be allowed to remain in the Complaint untethered to any factual allegation and based on future facts that may or may not exist (they do not).

## V.    CONCLUSION

For all of the foregoing reasons, SMI respectfully requests that the Court GRANT this Motion and find that:

(1)    Plaintiff UTL's Complaint fails to state a plausible claim for pre-suit willful and indirect infringement for each of U.S. Patent Nos. 9,575,902, 11,061,825, 11,573,909, and 11,640,359; and

(2)    Plaintiff UTL's statement repeated in each of paragraphs 62, 84, 105, 126 of the Complaint describing SMI's actions as "wanton, malicious, in bad-faith, deliberate, consciously wrongful, flagrant, characteristic of a pirate, and an egregious case of misconduct beyond typical infringement" is redundant, immaterial, impertinent, or scandalous matter within the meaning of Fed. R. Civ. P. 12(f) and is stricken from the pleading.

Dated: August 24, 2023                              Respectfully submitted,

                                                                      */s/ Michael R. Rueckheim*
                                                                      Michael R. Rueckheim
                                                                      State Bar No. 24081129
                                                                      MRueckheim@winston.com

WINSTON & STRAWN LLP
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6559

Ya-Chiao Chang
State Bar No. 24070992
YChang@winston.com
WINSTON & STRAWN LLP
28th Floor Jin Mao Building
88 Century Avenue
Shanghai 200121
China
Telephone: +86 (21) 2208-2600
Facsimile: +86 (21) 5298-5262

Vivek V. Krishnan (*Pro Hac Vice* to be submitted)
VKrishnan@winston.com
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5700
Facsimile: (312) 558-5700

Evan D. Lewis (*Pro Hac Vice* to be submitted)
EDlewis@winston.com
WINSTON & STRAWN LLP
800 Capitol Street, Suite 2400
Houston, TX 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

**SILICON MOTION, INC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 24, 2023, a true and correct copy of the attached document was electronically filed with the Clerk of Court using the CM/ECF system, which sends notifications of such filing to all counsel of record who have consented to accept service by electronic means.

/s/ *Michael R. Rueckheim*
Michael R. Rueckheim