# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| Unification Technologies LLC,<br><br>    Plaintiff,<br><br>v.<br><br>Phison Electronics Corporation,<br><br>    Defendant. | Civil Action No. 2:23-cv-00266-JRG-RSP<br><br>**JURY TRIAL DEMANDED**<br><br>Lead Case |
| Unification Technologies LLC,<br><br>    Plaintiff,<br><br>v.<br><br>Silicon Motion Inc.,<br><br>    Defendant. | Civil Action No. 2:23-cv-00267-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF UNIFICATION TECHNOLOGIES LLC'S RESPONSE IN OPPOSITION TO DEFENDANT SILICON MOTION, INC.'S RULE 12 MOTION TO DISMISS PLAINTIFF'S PRE-SUIT WILLFULNESS AND INDIRECT INFRINGEMENT CLAIMS <u>AND STRIKE CERTAIN ALLEGATIONS</u>**


**Table of Contents**

I. Introduction ................................................................................................................... 1

II. Relation to Phison's Motion ........................................................................................... 1

III. Relevant Factual Background ........................................................................................ 2

IV. Legal Standards.............................................................................................................. 3

   A. Motion to Dismiss Under Rule 12(b)(6)..................................................................... 3

   B. Willful Infringement .................................................................................................. 4

   C. Indirect Infringement ................................................................................................. 4

   D. Motion to Strike Under Rule 12(f).............................................................................. 5

V. Argument........................................................................................................................ 6

   A. UTL Properly Plead Pre-Suit Willfulness and Indirect Infringement. ...................... 6

   B. UTL's Pleading of the Supreme Court's Description of Conduct Warranting Enhanced Damages Should Not Be Stricken........................................................................... 7

VI. Conclusion ..................................................................................................................... 9

# Table of Contents

**Cases**

*Augustus v. Bd. of Pub. Instruction*,
   306 F.2d 862 (5th Cir. 1962) ................................................................................................ 5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................................. 3

*Brown & Williamson Tobacco Corp. v. United States*,
   201 F.2d 819 (6th Cir. 1953) ............................................................................................ 5, 9

*Corydoras Tech., LLC v. Apple Inc.*,
   2:16-CV-00538-JRG, 2016 U.S. Dist. LEXIS 194959 (E.D. Tex. Nov. 23, 2016) ................. 4

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754  (2011) ............................................................................................................ 5

*Godo Kaisha IP Bridge 1 v. Telefonaktiebolaget LM Ericsson*,
   No. 2:21-CV-00213-JRG, 2022 U.S. Dist. LEXIS 101114 (E.D. Tex. June 6, 2022) ............. 9

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   579 U.S. 93 (2016) ........................................................................................................... 4, 8

*In re Gitto Global Corp.*,
   422 F.3d 1 (1st Cir. 2005) .................................................................................................... 9

*Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*,
   594 F.3d 383 (5th Cir. 2010) ............................................................................................... 4

*Lormand v. US Unwired, Inc.*,
   565 F.3d 228 (5th Cir. 2009) ............................................................................................... 4

*Malibu Boats, LLC v. MasterCraft Boat Co., LLC*,
   No. 3:16-CV-82-TAV-HBG, 2016 U.S. Dist. LEXIS 183202 (E.D. Tenn. Oct. 28, 2016) ..... 4

*Merrill Mfg. Co. v. Simmons Mfg. Co.*,
   553 F. Supp. 3d 1297 (N.D. Ga. 2021) ................................................................................ 4

*Plano Encryption Techs., LLC v. Alkami Tech., Inc.*,
   No. 2:16-cv-1032-JRG, 2017 U.S. Dist. LEXIS 221765 (E.D. Tex. Sep. 22, 2017) ............. 4

*Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*,
   170 F. Supp. 3d 928 (E.D. Tex. 2016) ................................................................................ 3

*SEC v. Blackburn*,
    No. 15-2451, 2015 U.S. Dist. LEXIS 127562 (E.D. La. Sep. 23, 2015) ................................ 5, 8

*Test Masters Educ. Servs., Inc. v. Singh*,
    428 F.3d 559 (5th Cir. 2005) ......................................................................................................... 4

*Thompson v. City of Waco*,
    764 F.3d 500 (5th Cir. 2014) ..................................................................................................... 3, 6

*United States v. Coney*,
    689 F.3d 365 (5th Cir. 2012) ......................................................................................................... 9

**Statutes**

35 U.S.C § 284 ................................................................................................................................... 1

**Other Authorities**

5C FED. PRAC. & PROC. ("Wright and Miller") § 1382 (3d ed. Supp. 2015) .................................... 5

**Rules**

FED. R. CIV. P. 8(a)(2) ...................................................................................................................... 3

FED. R. CIV. P 12(b)(6) ............................................................................................................ *passim*

FED. R. CIV. P. 12(f) .................................................................................................................. 1, 5, 9

I. **Introduction**

Plaintiff Unification Technologies LLC ("UTL") provided Defendant Silicon Motion Inc. ("SMI" or "Defendant") with notice of SMI's infringement before it filed this case. Based in part on this pre-suit knowledge, UTL asserted willfulness and indirect infringement claims, and alleged that SMI's conduct is in accord with the Supreme Court's description of conduct justifying enhanced damages under 35 U.S.C § 284. Through its Motion,[1] SMI asks the Court to dismiss UTL's pre-suit willfulness and indirect infringement claims under Rule 12(b)(6) and strike language quoted from the Supreme Court under Rule 12(f). SMI asserts incorrectly that it received notice of UTL's patents the same day suit was filed (though it does not argue the notice was *after* suit was filed) and contends that the enhanced damages language is redundant, immaterial, and scandalous.

As explained more fully below, neither of SMI's arguments meet the high bar for dismissal under Rule 12(b)(6) or striking under Rule 12(f). SMI's Motion should be denied because: (a) SMI received notice sufficient to support willfulness and indirect infringement claims *before* suit was filed; and (b) the disputed language in UTL's Complaint[2] properly apprised SMI of UTL's claim for enhanced damages.

II. **Relation to Phison's Motion**

The Court consolidated UTL's case against SMI with the Lead Case involving Phison Electronics Corporation ("Phison") for all pretrial issues and purposes. *See* Dkt. 16. On August 23, 2023, Phison filed a Rule 12 Motion to Dismiss Plaintiff's Pre-Suit Willfulness Claims and Strike Certain Allegations. *See* Dkt. 17. The following day SMI filed the instant Motion copying

---

[1] "Motion" refers to SMI's Rule 12 Motion to Dismiss Plaintiff's Pre-Suit Willfulness Claims and Strike Certain Allegations filed at Dkt. 18.
[2] "Complaint" refers to Plaintiff's Complaint for Patent Infringement filed at Dkt. 1 in Civil Action No. 2:23-cv-00267-JRG-RSP.

Phison's motion nearly verbatim, including Phison's citation to case law without reporter or pinpoint pages (*see, e.g.*, Motion at 4 (*NXP*) and 5 (*Blackburn*)).[3] SMI, however, extended Phison's argument regarding the date of notice of the Asserted Patents to UTL's indirect infringement claims (*see, e.g.*, Motion at 1, 4, 6). To address this additional argument and clearly delineate between the similar but separate facts for each Defendant, UTL files this separate response, but apprises the Court that the substantive arguments are essentially the same and that UTL has endeavored to present them in essentially the same order to avoid duplication of effort.

**III.   Relevant Factual Background**

On May 30, 2023, UTL sent correspondence to SMI "identifying the Asserted Patents as being infringed by exemplary SMI products, and further included claim charts demonstrating how the identified products infringe the Asserted Patents." Complaint at ¶ 35. The FedEx tracking information SMI submitted with its Motion confirms that the package with the letter was picked up May 30, 2023. *See* Dkt. 18, Ex. A at 1.

Nevertheless, SMI asserts that "the letter was not received at SMI's offices in Taiwan until June 2, 2023, the day that UTL filed its Complaint." Motion at 3. This is misleading. SMI's assertion ignores the fact that Taiwan and Texas (where the Complaint was filed and the letter was sent from) reside in different time zones separated by the International Date Line. The FedEx tracking information SMI submitted as Exhibit A to the Motion tracks each event in its local time. This tracking information indicates that the package was received by FedEx in Garland, TX on May 30, 2023, at 2:29PM *in Texas* and delivered in Chu Nan Tsen, Taiwan on

---

[3] Also, although SMI did translate the paragraph numbers from the Phison Complaint to its own Complaint in the second numbered paragraph on page 1 of the Motion (referring to the "statement repeated in each of paragraphs 36, 61-62, 84-85, 105-06, 126-27, 128 of the Complaint"), the disputed statement in fact only appears in paragraphs 62, 84, 105, and 126. *See* Complaint at ¶¶ 62, 84, 105, and 126.

2

June 2, 2023, at 11:04AM *in Taiwan*. *See* Dkt. 18, Ex. A. SMI uses these dates to claim that it received notice on the same day UTL filed suit. This is incorrect.

When the FedEx tracking data is set to use the "Origin" time zone (Central) for all events, it is clear that SMI received notice prior to suit being filed. Ex. 1, FedEx tracking. SMI received the notice letter on June 1, 2023 at 10:04 PM Central. *Id*. Thereafter, on June 2, 2023, at 1:36PM Central, UTL sent an electronic copy of this correspondence to SMI's email listed at https://www.siliconmotion.com/legal as well as an email for a senior manager in SMI's legal department. Ex. 2.[4] UTL then filed the Complaint on June 2, 2023, at 3:16 PM Central. Ex. 3, ECF notice for Complaint. The time of this filing in Taiwan was June 3, 2023, at 4:16AM.

### IV. Legal Standards

#### A. Motion to Dismiss Under Rule 12(b)(6)

The Federal Rules of Civil Procedure require that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) authorizes a court to dismiss a complaint that fails to meet this standard. FED. R. CIV. P. 12(b)(6). To survive dismissal at the pleading stage, a complaint must state "enough facts such that the claim to relief is plausible on its face." *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must accept well-pleaded facts as true and view all facts in the light most favorable to the plaintiff. *Id.* "The court may consider 'the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.'" *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (*quoting Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir.

---

[4] SMI's Motion does not address this additional notice.

2010)). In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) "are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (*quoting Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005)).

### B. Willful Infringement

"A claim for willful infringement must allege that infringement was 'intentional or knowing.'" *Plano Encryption Techs., LLC v. Alkami Tech., Inc.*, Civil Action No. 2:16-cv-1032-JRG, 2017 U.S. Dist. LEXIS 221765, at *5 (E.D. Tex. Sep. 22, 2017) (*quoting Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1926 (2016)). "A plaintiff's plausible allegations concerning knowledge of the patents-in-suit may be sufficient and this court has so held in prior cases." *Id.* (citations omitted). Defendant does not cite, and UTL is unaware of, any case setting forth a duration requirement for pre-suit knowledge to support a claim for willful infringement. Indeed, courts have held that claims for willful infringement may be appropriate even where suit was brought on the day the patent issued. *See, e.g.*, *Malibu Boats, LLC v. MasterCraft Boat Co., LLC*, No. 3:16-CV-82-TAV-HBG, 2016 U.S. Dist. LEXIS 183202, at *15 (E.D. Tenn. Oct. 28, 2016). Moreover, "post-complaint knowledge has been found to be sufficient under *Halo* to assert a claim of willfulness." *Plano Encryption Techs.*, 2017 U.S. Dist. LEXIS 221765, at *5 (citation omitted); *see also Merrill Mfg. Co. v. Simmons Mfg. Co.*, 553 F. Supp. 3d 1297, 1306 (N.D. Ga. 2021) (noting that "most courts" hold that post-filing conduct may support a claim for willful infringement).

### C. Indirect Infringement

To plead indirect infringement, a plaintiff must plead that an accused infringer had knowledge of the patents-in-suit. *See Corydoras Tech., LLC v. Apple Inc.*, 2:16-CV-00538-JRG, 2016 U.S. Dist. LEXIS 194959, at *2 (E.D. Tex. Nov. 23, 2016) ("[A] patentee cannot recover on claims of indirect infringement for acts occurring prior to the accused infringer having

4

knowledge of the asserted patents.") (citing *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 763-65 (2011)). Defendant has cited no case law, and UTL has found none, requiring a pre-suit claim for indirect infringement to plead knowledge within any particular timeframe other than prior to filing suit.

### D. Motion to Strike Under Rule 12(f)

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). The action of striking a pleading "is a drastic remedy to be resorted to only when required for the purposes of justice." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) (citations omitted). For this reason, a motion to strike should be granted "only when the pleading to be stricken has no possible relation to the controversy." *Id.* In addition, "[a] disputed question of fact cannot be decided on motion to strike." *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962). And, "courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike" "when there is no showing of prejudicial harm to the moving party." *Id*.

Defendant includes a block quote from an E.D. Louisiana case articulating (based on Wright & Miller) what may constitute "redundant, immaterial, impertinent, or scandalous matter" under Rule 12(f). *See* Motion at 5 (*quoting*, without reporter or pinpoint cite, *SEC v. Blackburn*, No. 15-2451, 2015 U.S. Dist. LEXIS 127562, at *6-7 (E.D. La. Sep. 23, 2015)). Defendant's block quote omits the last sentence of the Louisiana court's paragraph noting that: "Any doubt about whether the challenged material is redundant, immaterial, impertinent, or scandalous should be resolved in favor of the non-moving party." *Blackburn*, 2015 U.S. Dist. LEXIS 127562, at *7 (*citing* 5C FED. PRAC. & PROC. ("Wright and Miller") § 1382 (3d ed. Supp. 2015)).

V.     Argument

### A.  UTL Properly Plead Pre-Suit Willfulness and Indirect Infringement.

UTL sent SMI multiple notices prior to filing suit. *See supra* Section III. These notices identified the Asserted Patents as being infringed by exemplary SMI products and included claim charts demonstrating how the identified products infringe the Asserted Patents. *Id.* UTL pleaded the same. *See* Complaint at ¶ 35; *see also* ¶¶ 62, 84, 105, 126 (pleading willfulness for continuing infringing conduct despite knowledge of each patent) *and* ¶¶ 61, 83, 104, 125 (pleading knowledge as part of indirect infringement claims). Nothing more is required at this stage to maintain UTL's willfulness or indirect infringement claims.

SMI does not dispute that UTL sent a letter, that the letter identified the Asserted Patents as being infringed, or that the letter included claim charts for the Asserted Patents. *See* Motion at 3. Instead, SMI argues that "UTL's Complaint lacks factual allegations showing that SMI knew of UTL's patents prior to UTL's commencement of litigation." Motion at 1. But that is not true. UTL's Complaint includes the requisite allegations. *See* Complaint at ¶ 35. SMI also asserts that "the letter [from UTL] was not received at SMI offices in Taiwan until June 2, 2023, the day UTL filed its Complaint." Motion at 3. But, that is not true either. As explained above, SMI received the letter the day before UTL filed its Complaint. *See supra* Section III.

SMI's Motion does not argue that it received notice after suit was filed. Instead, SMI argues that "SMI was made aware of the Asserted Patents contemporaneously with this suit, and not before," and "SMI's knowledge of the Asserted Patents began on the same date as this action." Motion at 6. Given that SMI received the notice letter *before* UTL filed suit, SMI's allegations amount to, at most, factual disputes that must be resolved in UTL's favor. *See Thompson*, 764 F.3d at 502.

6

The timing of SMI's awareness of the Asserted Patents is particularly inappropriate for resolution on a motion to dismiss. The facts are what they are, and they and will be developed through discovery.[5] SMI's infringement (direct and indirect), its willfulness, and the precise timing of its infringement and willfulness should be addressed in the normal course of this case. SMI's request to dismiss pre-suit willfulness and indirect infringement at the pleadings stage is inappropriate on these facts. For at least these reasons, SMI motion to dismiss UTL's pre-suit willfulness and indirect infringement claims under Rule 12(b)(6) should be denied.

### B. UTL's Pleading of the Supreme Court's Description of Conduct Warranting Enhanced Damages Should Not Be Stricken.

UTL's Complaint includes one paragraph for each Asserted Patent providing SMI with notice that UTL contends enhanced damages under Section 284 are warranted in this case. *See* Complaint at ¶¶ 62, 84, 105, and 126. Each such paragraph provides:

> On information and belief, despite having knowledge of the [asserted] Patent and knowledge that it is directly and/or indirectly infringing one or more claims of the [asserted] Patent, SMI has nevertheless continued its infringing conduct and disregarded an objectively high likelihood of infringement. SMI's infringing activities relative to the [asserted] Patent have been, and continue to be, willful, wanton, malicious, in bad-faith, deliberate, consciously wrongful, flagrant, characteristic of a pirate, and an egregious case of misconduct beyond typical infringement such that UTL is entitled to enhanced damages under 35 U.S.C. § 284 up to three times the amount found or assessed.

*Id*. SMI asks the Court to strike the portion asserting that SMI's infringing activities have been "wanton, malicious, in bad-faith, deliberate, consciously wrongful, flagrant, characteristic of a pirate, and an egregious case of misconduct beyond typical infringement." Motion at 1, 6-7.

---

[5] For example, UTL believes that SMI received notice of the Asserted Patents in connection with discovery requests in *Unification Technologies LLC v. Micron Tech., Inc.*, 6:20-cv-500 (W.D. Tex. 2020) that caused or should have caused it to investigate the Asserted Patents. *See* Dkt. 97, *Unification Technologies LLC v. Micron Tech., Inc* (W.D. Tex.) (Case No. 6:20-cv-500).

7

SMI acknowledges that the disputed language "alludes to behavior that might warrant enhanced damages" from the Supreme Court's decision in *Halo*. Motion at 7 n.2. In fact, UTL's pleadings do not allude to, but quote, the Supreme Court's description of "[t]he sort of conduct warranting enhanced damages." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103 (2016). UTL properly plead this language from the Supreme Court to put SMI on notice of its contentions regarding enhanced damages in this case. SMI fails to show that this language should be stricken.

UTL's pleading the Supreme Court's description of conduct warranting enhanced damages is not redundant or immaterial. SMI acknowledges that "'[r]edundant' matter consists of allegations that constitute 'a needless repetition of other averments in the pleading'" and "'[i]mmaterial' matter is that which 'has no essential or important relationship to the claim for relief or the defenses being pleaded.'" Motion at 5 (*quoting Blackburn*, 2015 U.S. Dist. LEXIS 127562, at *6). The disputed language is not redundant to invoking Section 284 as it includes the Supreme Court's explication of the conduct justifying enhanced damages under that section. *See Halo*, 579 U.S. at 103-04. The language is also distinct from merely invoking willfulness. Nor is the language immaterial as pleading a request for enhanced damages bears a direct and important relationship to UTL's claims—i.e., that it contends enhanced damages are warranted.

SMI does not argue the disputed language is impertinent, nor does SMI meet the standard for striking "scandalous" material that it articulates. *See* Motion at 5 (*quoting Blackburn*, 2015 U.S. Dist. LEXIS 127562, at *6) and Motion at 8-9. Reciting the Supreme Court's standard for enhanced damages can neither "*improperly* cast[] a derogatory light on someone" nor "state[] anything in repulsive language that detracts from the dignity of the court." *See Blackburn,* 2015 U.S. Dist. LEXIS 127562, at *6-7 (emphasis added). That this pleading offends SMI's

8

sensibilities is likewise not justification for striking it as "scandalous" under Rule 12(f). *See United States v. Coney*, 689 F.3d 365, 380 (5th Cir. 2012) (*citing In re Gitto Global Corp.*, 422 F.3d 1, 12 (1st Cir. 2005) (holding that a pleading is not "scandalous" under Rule 12(f) merely because "the matter offends the sensibilities of the objecting party if the challenged allegations describe acts or events that are relevant to the action[;] [a]s a result, courts have permitted allegations to remain in the pleadings when they supported and were relevant to a claim for punitive damages")).

SMI has not shown that the disputed language meets any of the standards for being stricken under Rule 12(f). Moreover, a "motion to strike should be granted *only* when the pleading to be stri[c]ken has *no possible relation to the controversy*." *Brown & Williamson*, 201 F.2d 819, 822 (emphasis added). UTL properly puts SMI on notice that it contends enhanced damages are warranted in this case in accordance with the Supreme Court's description of the type of conduct that would justify such enhanced damages. SMI is not prejudiced by receiving such notice. *Cf. Godo Kaisha IP Bridge 1 v. Telefonaktiebolaget LM Ericsson*, No. 2:21-CV-00213-JRG, 2022 U.S. Dist. LEXIS 101114, at *14 (E.D. Tex. June 6, 2022) ("the Court finds that IP Bridge is not prejudiced by receiving notice of Nokia's contentions that Defendants have not willfully infringed, that IP Bridge's damages are limited by statute, or that FRAND rates may apply to the Asserted Patents."). If SMI disagrees with the characterizations of its infringing conduct, the appropriate course would seem to be denying these allegations in its Answer and endeavoring to prove its case rather than striking the disputed language from UTL's Complaint.

## VI. Conclusion

For the foregoing reasons, UTL respectfully requests that the Court deny Silicon Motion, Inc.'s Rule 12 Motion to Dismiss Plaintiff's Pre-Suit Willfulness and Indirect Infringement

9

Claims and Strike Certain Allegations and grant any further relief the Court deems just and appropriate.

Dated: September 6, 2023

Respectfully submitted,

*/s/ David T. DeZern*
**Edward R. Nelson III**
State Bar No. 00797142
**Robert A. Delafield II**
State Bar No. 24065137
**Nelson Bumgardner Conroy PC**
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Tel: (817) 377-9111
ed@nelbum.com
bobby@nelbum.com

**Jonathan H. Rastegar**
State Bar No. 24064043
**David T. DeZern**
State Bar No. 24059677
**Nelson Bumgardner Conroy PC**
2727 N. Harwood St., Suite 250
Dallas, TX 75201
Tel: (817) 377-9111
jon@nelbum.com
david@nelbum.com

**Attorneys for Plaintiff**
**Unification Technologies LLC**

### CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on September 6, 2023.

*/s/ David T. DeZern*