IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNIFICATION TECHNOLOGIES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 2:23-cv-00266-JRG-RSP |
| | ) | (Lead Case) |
| PHISON ELECTRONICS CORPORATION, | ) | |
| | ) | Jury Trial Demanded |
| Defendant. | ) | |
| UNIFICATION TECHNOLOGIES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 2:23-cv-00267-JRG-RSP |
| | ) | (Member Case) |
| SILICON MOTION INC., | ) | |
| | ) | Jury Trial Demanded |
| Defendant. | ) | |

**DEFENDANT PHISON ELECTRONICS CORPORATION'S
REPLY IN SUPPORT OF ITS RULE 12 MOTION TO DISMISS PLAINTIFF'S
<u>PRE-SUIT WILLFULNESS CLAIMS AND STRIKE CERTAIN ALLEGATIONS</u>**

Unification Technologies LLC's ("Plaintiff's" or "UTL's") Response (ECF No. 22) confirms that (1) Phison Electronics Corporation's (Defendant's or "Phison's") knowledge of the patents-in-suit was contemporaneous with UTL's commencement of this litigation, and (2) UTL's accusation of egregious behavior by Phison should be stricken as material that neither asserts a claim nor raises any issue of fact or law.

*First*, UTL admits that its notice letter was received at most seventeen hours prior to the filing of this suit. Pl.'s Resp. at 2. UTL's own correspondence to Phison characterizes the date of the letter's delivery as the morning of June 2, the day suit was filed. Pl.'s Resp. Ex. 2, ECF No. 22-2. Even if the letter arrived earlier than the filing of this suit, seventeen hours is not reasonable notice on which to base pre-suit willfulness claims.[1] UTL's entire basis for alleging pre-suit willfulness in its Complaint is this letter, Def.'s Mot. at 2, ECF No. 18, and because even UTL characterizes the letter's delivery as occurring on the day suit was filed, it is insufficient to allege claims of pre-suit willfulness.

*Second*, UTL diverts from the willfulness allegations in its Complaint and raises its belief that "Phison received notice of the Asserted Patents in connection with discovery requests in Unification Technologies LLC v. Micron Tech., Inc., 6:20-cv-500 (W.D. Tex. 2020) that caused or should have caused it to investigate the Asserted Patents." Pl.'s Resp. at 5 n.3. The discovery referenced in UTL's note was a request for international judicial assistance (letter rogatory) to

---

[1] Even if the correspondence instantaneously appeared at Phison three days prior to suit (the date of the letter), it would not have provided reasonable opportunity to consider UTL's allegations and its license offer. But even if that were not so, and one entertains UTL's proposed technicality of prior notice and standardizes the time that the letter arrived at Phison to Central Time, it would be reasonable to treat such receipt in a manner consistent with the Local Rules of this district. For example, Local Rule CV-5(d), which pertains to facsimile and electronic service on parties to disputes before the court, instructs that "[s]ervice after 5:00 p.m. Central Time shall be deemed served on the following day for purposes of calculating responsive deadlines."

"appropriate judicial authorities of Taiwan" to compel production and testimony by Silicon Motion, Inc. (with a reference to its U.S. counsel) and Phison (with no such reference), and concerned patents other than the ones asserted in this action. UTL does not state if any Taiwanese authority contacted Phison with any information about the patents-in-suit here. If UTL has a good faith basis to assert this allegation as a basis for claims of pre-suit willfulness, then it should move for leave to amend its Complaint. Here, however, the issue is whether UTL's Complaint *as filed* states a claim for willful infringement, not whether what-ifs and wherefores might provide grounds for UTL to amend its pleading in the future. UTL did not make this accusation in its pleading, nor does it explain how or why such unpleaded speculation makes its pre-suit willfulness claims sufficient now.[2]

*Third*, UTL admits that the language Phison seeks to strike is distinct from its allegations invoking willfulness. Pl.'s Resp. at 7. As cited in Phison's opening brief, the language to be stricken neither asserts a claim nor raises any issue of fact or law. Def.'s Mot. at 7-8, 9.

*Fourth*, UTL admits that the rule in *Brown & Williamson*, *Augustus*, *Coney* and other cases applies when the material to be stricken implicates facts or issues of law in dispute, which is not the case here. UTL's own citations to *Brown & Williamson* and *Augustus* note that "courts generally are not willing to determine *disputed and substantial questions of law* upon a motion to strike." Pl.'s Resp. at 4 (emphasis added). Similarly, UTL's citation to *U.S. v. Coney* asserts in its parenthetical that "a pleading is not 'scandalous' under Rule 12(f) merely because 'the matter offends the sensibilities of the objecting party *if the challenged allegations describe acts or events*

---

[2] Even if UTL were to allege that Phison had knowledge of the patents-in-suit from UTL's other case, that knowledge alone would be insufficient to allege a claim for willfulness. Mere knowledge of a patent is insufficient to allege willfulness without an allegation of intentional or deliberate infringement of that patent. *Plano Encryption Techs., LLC v. Alkami Tech., Inc.*, 2017 WL 8727249, at *2 (E.D. Tex. Sept. 22, 2017).

*that are relevant to the action.*'" *Id.* at 7 (emphasis added). If the language to be stricken had raised an issue of fact or law, then the language might have been protected by the holdings in these cases. However, as stated in Phison's opening brief, the language at issue is nothing more than an unfounded assertion – a bare conclusion UTL wants the Court to make on its willfulness claim. Def.'s Mot. at 8.

*Fifth and finally*, UTL admits that the language to be stricken is meant to "put[] Phison on notice that it contends [§ 284] enhanced damages are warranted in this case," *id.*, thus equating the language's purpose to that of UTL's separate willfulness claim. By doing so, UTL removes any doubt that the language to be stricken raises no claim and no issue of fact or law on its own. Moreover, UTL's citation of *Godo Kaisha IP Bridge 1*, Pl.'s Resp. at 8, is distinguishable from this case. In that case, the material to be stricken was the defendant's affirmative defenses, not an accusation that neither asserts a claim nor raises an issue of fact or law, as here.

For all of these reasons, and for the reasons set forth in Phison's opening brief, Phison respectfully requests that UTL's pre-suit willfulness claims be dismissed with prejudice, and that its unfounded accusations of egregious conduct by Phison be stricken from the Complaint.

Dated: September 11, 2023                                    Respectfully submitted,

By: */s/ Douglas E. Chin*
**Douglas E. Chin**
**Hsuanyeh Chang, PhD**
**Stephen Y. Chow**
**Peter C. Yi**
HSUANYEH LAW GROUP, PC
11 Beacon Street, Suite 900
Boston, MA 02108
Tel: (617) 886-9088
Email: doug.chin@hsuanyeh.com
Email: hsuanyeh@hsuanyeh.com

3

Email: stephen.y.chow@hsuanyeh.com
Email: peter.yi@hsuanyeh.com

Attorneys for Phison Electronics Corp.

## **CERTIFICATE OF SERVICE**

      I, Douglas E. Chin, counsel for Phison Electronics Corp., hereby certify that, on September 11, 2023, I served a copy of *Defendant Phison Electronics Corporation's Reply In Support Of Its Rule 12 Motion To Dismiss Plaintiff's Pre-Suit Willfulness Claims And Strike Certain Allegations* on counsel for Unification Technologies LLC by filing this document electronically through the Electronic Case Filing (ECF) system.

                                                                 */s/ Douglas E. Chin*
                                                                 Douglas E. Chin