IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNIFICATION TECHNOLOGIES LLC, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 2:23-cv-00266-JRG-RSP |
| PHISON ELECTRONICS CORPORATION, | ) ) ) ) | (LEAD CASE) **JURY TRIAL DEMANDED** |
| Defendant. | ) ) | |
| UNIFICATION TECHNOLOGIES LLC, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 2:23-cv-00267-JRG-RSP |
| SILICON MOTION, INC., | ) ) ) | (MEMBER CASE) |
| Defendant. | ) ) ) | **JURY TRIAL DEMANDED** |

**DEFENDANT SILICON MOTION INC.'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS AND STRIKE CERTAIN ALLEGATIONS**

Unification Technologies LLC's ("Plaintiff" or "UTL") Response (Dkt. No 23) makes at least five admissions that are fatal to its claims for willfulness, inducement, and accusations of egregious behavior. Throughout its Response, UTL relies upon a hyper-formalistic understanding of "notice" that other courts have called a "ploy" (*Marble Voip Partners LLC v. Zoom Video Commc'ns*, --- F.Supp.3d ----, Case No. 22-CV-2247-JAR-ADM, 2023 WL 3055323, at *11 (D. Kan. Apr. 24, 2023)) and "*de minimis*" (*Sapphire Crossing LLC v. Robinhood Mkts.*, No. 181717-MNCJBCONSOLIDA, 2021 WL 149023, at *6 (D. Del. Jan 15, 2021)). It is clear from the pleadings that Silicon Motion, Inc. ("SMI") had no meaningful pre-suit notice or knowledge of UTL's allegations. Further, UTL's response makes clear that the language SMI argues should be struck is redundant and immaterial.

## I.   SMI Had No Meaningful Notice of UTL's Allegations that Would Support a Claim for Willful or Indirect Infringement

This Court should dismiss UTL's claims for willfulness and indirect infringement for two reasons.

*First*, UTL admits that, under the most favorable view of the facts, its letter (which UTL purports, and SMI contests, gave proper notice to SMI) did not provide SMI meaningful notice of its allegations. UTL's minute-by-minute parsing of the timeline of the sending and receiving of its letter and its filing of the complaint is telling—under the most favorable view of the facts to UTL, SMI had *de minimis* time to review, analyze, consider, and respond to UTL's correspondence. According to UTL's telling of the facts, SMI received its notice letter at its Taiwan address at 10:04 PM central time on June 1, 2023. Then, *fifteen-hours and twelve minutes* later, UTL served its complaint in Texas.[1] UTL makes no effort to show how this was sufficient

---

[1] Even if the correspondence instantaneously appeared at SMI three days prior to suit (the date of the letter), it would not have provided reasonable opportunity to consider UTL's allegations and its license offer. But even if that were not so, and one entertains UTL's proposed technicality of

notice for SMI to analyze UTL's allegations, approach UTL for a license (if the allegations were valid, which they are not), or do anything about its alleged infringement. Instead, it relies upon a formalistic description of the timeline.

UTL offers only one case in support of its hyper-literal argument that SMI received notice. Unfortunately, even there it elides the facts of the case. UTL cites *Malibu Boats, LLC v. MasterCraft Boat Co., LLC*, No. 3:16-CV-82-TAV-HBG, 2016 U.S. Dist. LEXIS 183202, at *15 (E.D. Tenn. Oct. 28, 2016) for the proposition that "courts have even held that claims for willful infringement may be appropriate even where suit was brough on the day the patent issued." *See* Dkt No. 23 at 8. However, to the extent that case is relevant to what *notice* a party has received, the defendant in *Malibu Boats* received a notice letter thirteen days before the suit was filed. *See Malibu Boats*, 2016 U.S. Dist. LEXIS 183202, at *3-4 (court explaining that the patent issued and suit commenced on February 16, but defendant received notice on February 3).

Conversely, the District of Delaware held that fifteen hours' notice, the same period of time that elapsed in this case between UTL's letter and filing of this suit, was "the most *de minimis* claim of willful infringement in this Court's history" and dismissed a claim for willfulness based upon such a short notice period. *Sapphire Crossing* 2021 WL 149023, at *6 (granting motion to dismiss willfulness allegations where plaintiff provided notice of the patent 15 hours before filing complaint). Other courts have held that "less than twenty-four hours" notice before commencing an action was "not enough time to provide "an alleged infringer a meaningful opportunity to cease infringing or negotiate a license." *Sonos, Inc. v. Google LLC*, 591 F. Supp.3d 638, 646 (N.D. Cal.

---

prior notice and standardizes the time that the letter arrived at SMI to Central Time, it would be reasonable to treat such receipt in a manner consistent with the Local Rules of this district. For example, Local Rule CV-5(d), which pertains to facsimile and electronic service on parties to disputes before the court, instructs that "[s]ervice after 5:00 p.m. Central Time shall be deemed served on the following day for purposes of calculating responsive deadlines."

2

2022). Indeed, the *Sonos* court held that a plaintiff "not plausibly alleged [an alleged infringer] had the requisite knowledge" with such few hours' notice. In the indirect infringement context, other courts have similarly held that twenty-four hours' notice is insufficient to be proper notice and is nothing more than a "ploy to 'gin up' a factual basis'" for pleading purposes. *Marble Voip Partners LLC*, 2023 WL 3055323, at *11. Accordingly, and on this basis alone, this Court can and should likewise dismiss UTL's claims for willfulness and inducement.

*Second*, in its Response, UTL attempts to remedy its inadequate pleading by introducing new allegations from outside of its Complaint. UTL now claims that "SMI received notice of the Asserted Patents in connection with discovery requests in *Unification Technologies LLC v. Micron Tech., Inc.*, 6:20-cv-500 (W.D. Tex. 2020) that caused or should have caused it to investigate the Asserted Patents." Dkt No. 23 at 7. UTL makes no showing as to how discovery requests concerning other patents than the ones asserted in this action could constitute proper notice of the allegations it makes in this lawsuit. Mere knowledge of a patent is insufficient to allege willfulness without an allegation of intentional or deliberate infringement of that patent. *Plano Encryption Techs., LLC v. Alkami Tech., Inc.*, 2017 WL 8727249, at *2 (E.D. Tex. Sept. 22, 2017). But even UTL's new allegations were true, they are not properly before the court because "[w]hen ruling on a motion to dismiss . . . the court does not consider additional facts that are alleged in a response brief but not in the complaint." *Wilson v. Deutshe Bank Trust Co. Americas*, No. 3:18-cv-0854, 2019 WL 2578625, at * 4 (N.D. Tex. June 24, 2019) (citing *Leal v. McHugh*, 731 F.3d 405, 407 n.2 (5th Cir. 2013)).

For each of these two independent bases, this Court should dismiss UTL's claims for willfulness and indirect infringement.

## II. This Court Should Strike the Redundant and Immaterial Language in UTL's Complaint

This Court should strike the cited redundant and immaterial language in UTL's Complaint for two reasons.

*First*, UTL admits that it considers the language SMI seeks to strike is distinct from its allegations invoking willfulness. Dkt No. 23 at 11-12. As cited in SMI's opening brief, the language to be stricken neither asserts a claim nor raises any issue of fact or law. Dkt No. 18 at 10-13. However, it later states that this language is meant to "put[] SMI on notice that [UTL] contends [§ 284] enhanced damages are warranted in this case." Dkt. No. 23 at 13. However, it has pleaded no other basis for these enhanced damages other than its willfulness claims. UTL thus admits that this language is coextensive with its willfulness allegations and makes clear that the language to be stricken raises no claim and no issue of fact or law on its own.

*Second*, the same cases UTL cites make it clear that the rule in *Brown & Williamson*, *Augustus*, *Coney* and other cases only applies when the material to be stricken implicates facts or issues of law in dispute, which is not the case here. UTL's own citations to *Brown & Williamson* and *Augustus* note that "courts generally are not willing to determine *disputed and substantial questions of law* upon a motion to strike." Dkt No. 23 at 9 (emphasis added). Similarly, UTL's citation to *U.S. v. Coney* asserts in its parenthetical that "a pleading is not 'scandalous' under Rule 12(f) merely because 'the matter offends the sensibilities of the objecting party *if the challenged allegations describe acts or events that are relevant to the action*.'" *Id.* at 7 (emphasis added). However, the conclusory language UTL includes in its complaint raise no issues of fact or law. Instead, as they admit, they simply "quote[] the Supreme Court's description of '[t]he sort of conduct warranting enhanced damages.'" By only quoting language about the "sort of conduct,"

4

but not detailing the *actual conduct* they accuse, they admit that this language does not raise an issue of fact or law.

### III.     Conclusion

For the reasons listed above and in SMI's opening brief, SMI respectfully requests that this Court dismiss UTL's claims for willfulness and indirect infringement and strike the language-at-issue from UTL's Complaint.

Dated: September 13, 2023

Respectfully submitted,

*/s/ Michael R. Rueckheim*
Michael R. Rueckheim
State Bar No. 24081129
MRueckheim@winston.com
WINSTON & STRAWN LLP
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6559

Ya-Chiao Chang
State Bar No. 24070992
ychang@winston.com
WINSTON & STRAWN LLP
28th Floor Jin Mao Building
88 Century Avenue
Shanghai 200121
China
Telephone +86-21-2208-2628
Facsimile +86-21-5298-5262

Evan D. Lewis
(*pro hac vice* to be submitted)
State Bar No. 24116670
edlewis@winston.com
WINSTON & STRAWN LLP
800 Capitol Street, Suite 2400
Houston TX 77002
Telephone: (713) 651-2785
Facsimile: (713) 651-2700

                                          Vivek Krishnan
                                          (*pro hac vice* to be submitted)
                                          vkrishnan@winston.com
                                          WINSTON & STRAWN LLP
                                          35 W. Wacker Drive
                                          Chicago IL 60601
                                          Telephone: (312) 558-9508
                                          Facsimile: (312) 558-5700

                                          **ATTORNEYS FOR DEFENDANT**
                                          **SILICON MOTION INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 13, 2023, a true and correct copy of the attached document was electronically filed with the Clerk of Court using the CM/ECF system, which sends notifications of such filing to all counsel of record who have consented to accept service by electronic means.

*/s/ Michael R. Rueckheim*
Michael R. Rueckheim
