# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| Unification Technologies LLC,<br><br>    Plaintiff,<br><br>v.<br><br>Phison Electronics Corporation,<br><br>    Defendant. | Civil Action No. 2:23-cv-00266-JRG-RSP<br><br>**JURY TRIAL DEMANDED**<br><br>Lead Case |
| Unification Technologies LLC,<br><br>    Plaintiff,<br><br>v.<br><br>Silicon Motion Inc.,<br><br>    Defendant. | Civil Action No. 2:23-cv-00267-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF UNIFICATION TECHNOLOGIES LLC'S SURREPLY TO
DEFENDANT PHISON ELECTRONICS CORPORATION'S
RULE 12 MOTION TO DISMISS PLAINTIFF'S PRE-SUIT WILLFULNESS CLAIMS
<u>AND STRIKE CERTAIN ALLEGATIONS</u>**

**Table of Contents**

I. Introduction ................................................................................................................. 1

II. UTL's Pleadings Are Sufficient to Maintain a Claim for Pre-Suit Willfulness. ..................... 1

III. The Court Should Not Strike UTL's Pleadings Regarding Enhanced Damages. ................... 2

IV. Conclusion ................................................................................................................. 3

## Table of Authorities

**Cases**

*Brown & Williamson Tobacco Corp. v. United States*,

   201 F.2d 819 (6th Cir. 1953) ................................................................................................ 2

*Convolve, Inc. v. Dell Inc.*,

   No. 2:08-CV-244-RSP, 2017 U.S. Dist. LEXIS 87199 (E.D. Tex. June 7, 2017) ................ 2

*i4i Ltd. P'ship v. Microsoft Corp.*,

   598 F.3d 831 (Fed. Cir. 2010) ............................................................................................... 3

*Plano Encryption Techs., LLC v. Alkami Tech., Inc.*,

   No. 2:16-cv-1032-JRG, 2017 U.S. Dist. LEXIS 221765 (E.D. Tex. Sep. 22, 2017) ............ 1

I.  **Introduction**

Phison Electronics Corporation's ("Phison") Reply[1] fails to justify dismissing pre-suit willfulness or striking the enhanced damages language from Plaintiff Unification Technologies LLC's ("UTL") Complaint.[2]

II.  **UTL's Pleadings Are Sufficient to Maintain a Claim for Pre-Suit Willfulness.**

Phison does not dispute that UTL provided it with notice of the asserted patents before suit was filed. *Id.* at 1. Nothing more is required to plead pre-suit knowledge for willful infringement, and nothing more should be resolved on a Rule 12 motion to dismiss. *See Plano Encryption Techs., LLC v. Alkami Tech., Inc.*, No. 2:16-cv-1032-JRG, 2017 U.S. Dist. LEXIS 221765, at *5 (E.D. Tex. Sep. 22, 2017) ("A plaintiff's plausible allegations concerning knowledge of the patents-in-suit may be sufficient and this court has so held in prior cases." (citation omitted)). Instead, Phison argues in its Reply that the pre-suit notice was not long enough to provide "reasonable notice" (*id*. at 1), but this is a factual dispute to be resolved in UTL's favor on this Motion,[3] a point raised in UTL's Response[4] that Phison ignores. *See* Response at 5.

It is unclear what Phison seeks to accomplish through its request to dismiss pre-suit willfulness. Phison has not challenged UTL's pleading of post-suit willfulness. The currently known timing of when Phison had notice of the asserted patents is, at least, prior to suit. *See* Reply at 1; Response at 1-2. UTL expects that additional facts will be developed through

---

[1] "Reply" refers to Phison's Reply in Support of its Rule 12 Motion to Dismiss Plaintiff's Pre-Suit Willfulness Claims and Strike Certain Allegations filed at Dkt. 25.
[2] "Complaint" refers to Plaintiff's Complaint for Patent Infringement filed at Dkt. 1.
[3] "Motion" refers to Phison's Rule 12 Motion to Dismiss Plaintiff's Pre-Suit Willfulness Claims and Strike Certain Allegations filed at Dkt. 17.
[4] "Response" refers to UTL's Opposition to Phison's Rule 12 Motion to Dismiss Plaintiff's Pre-Suit Willfulness Claims and Strike Certain Allegations filed at Dkt. 22.

1

discovery, and ultimately, a jury and the Court can resolve the precise timing and effects of Phison's willfulness. *See* Response at 5-6. Phison's Reply attempts to refute potentially earlier notice that Phison received via discovery in a previous case. *See* Reply at 1-2; *see also* Response at 5 n.3. But a motion to dismiss under Rule 12 is not the place to resolve such factual issues; nor could a ruling on this Motion (i) change the fact that Phison received pre-suit notice or (ii) serve as a basis for denying fulsome discovery into Phison's pre-suit willfulness. Phison's requested relief should be denied, not only as inappropriate for resolution on a Rule 12 motion, but also as ineffective for any purpose other than to improperly obstruct discovery.

### III. The Court Should Not Strike UTL's Pleadings Regarding Enhanced Damages.

Phison's Reply does not dispute any of UTL's arguments that the language UTL plead for enhanced damages is neither redundant, immaterial, nor scandalous. *See* Response at 7-8. Phison's Reply likewise ignores UTL's cited case law that a "motion to strike should be granted *only* when the pleading to be stri[c]ken has *no possible relation to the controversy*." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) (citations omitted) (emphasis added). Phison instead argues that UTL's cited case law is inapplicable because the disputed language purportedly does not "raise[] an issue of fact or law." Reply at 2-3. As explained in UTL's response, UTL quoted the Supreme Court's description of conduct warranting enhanced damages to put Phison on notice that UTL contends enhanced damages are warranted. *See* Response at 6-8. UTL disagrees that such pleading raises neither issues of law nor fact, and these allegations plainly relate to the controversy. UTL contends it is entitled to enhanced damages, and Phison fails to demonstrate those allegations should be stricken.

Phison's Reply also appears to misunderstand the distinction between willfulness and enhanced damages. "[C]ourts have consistently recognized that the issues of willful infringement and enhanced damages are related but distinct." *Convolve, Inc. v. Dell Inc.*, No. 2:08-CV-244-

2

RSP, 2017 U.S. Dist. LEXIS 87199, at *14 (E.D. Tex. June 7, 2017); *see also i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 859 (Fed. Cir. 2010) ("The test for willfulness is distinct and separate from the factors guiding a district court's discretion regarding enhanced damages."). Phison's Reply asserts, on the one hand, that "UTL admits that the language Phison seeks to strike is distinct from its allegations invoking willfulness" and therefore "neither asserts a claim nor raises any issue of fact or law." Reply at 2. On the other hand, Phison's Reply also asserts that "UTL admits that the language to be stricken is meant to 'put[] Phison on notice that it contends [§ 284] enhanced damages are warranted in this case,' [] thus equating the language's purpose to that of UTL's separate willfulness claim" which purportedly "removes any doubt that the language to be stricken raises no claim and no issue of fact or law on its own." Reply at 3 (citation omitted). Neither of Phison's assertions justify striking UTL's pleadings regarding enhanced damages. Phison's willfulness and UTL's entitlement to enhanced damages are "related but distinct." UTL has plead both issues in its Complaint to put Phison on notice that both issues are in play. Phison has failed to demonstrate that the language regarding enhanced damages should be stricken.

Like Phison's attempts to dismiss pre-suit willfulness, it is unclear what Phison seeks to accomplish by striking UTL's allegations regarding enhanced damages. UTL has put Phison on notice of its position regarding enhanced damages, and striking that language would not properly absolve Phison of enhanced damages or offer a legitimate justification to resist discovery.

**IV.    Conclusion**

For the foregoing reasons and those in UTL's opposition, UTL respectfully requests that the Court deny Phison Electronics Corporation's Rule 12 Motion to Dismiss Plaintiff's Pre-Suit Willfulness Claims and Strike Certain Allegations and grant any further relief the Court deems just and appropriate.

Dated: September 18, 2023                                              Respectfully submitted,

                                                */s/ Edward R. Nelson III*
                                                Edward R. Nelson III
                                                State Bar No. 00797142
                                                Robert A. Delafield II
                                                State Bar No. 24065137
                                                Nelson Bumgardner Conroy PC
                                                3131 West 7th Street, Suite 300
                                                Fort Worth, Texas 76107
                                                Tel: (817) 377-9111
                                                ed@nelbum.com
                                                bobby@nelbum.com

                                                Jonathan H. Rastegar
                                                State Bar No. 24064043
                                                David T. DeZern
                                                State Bar No. 24059677
                                                Nelson Bumgardner Conroy PC
                                                2727 N. Harwood St., Suite 250
                                                Dallas, TX 75201
                                                Tel: (817) 377-9111
                                                jon@nelbum.com
                                                david@nelbum.com

                                                **Attorneys for Plaintiff**
                                                **Unification Technologies LLC**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on September 18, 2023.

                                                */s/ Edward R. Nelson III*